## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**Bradly and Tara Hanson,**
        **Plaintiffs,**

**vs.**                                                                                    **Case No.**

**Eagle Loan Company of Ohio, Inc.,**
        **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *Introduction*

Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to

protect consumers from debt collectors and telemarketers in 1991.  In doing so, Congress

recognized that "the evidence presented to the Congress indicates that automated or prerecorded

calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C.

§227, Congressional Statement of Findings #13.  Specifically, in enacting the TCPA, Congress

outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings #10 and 12.  Additionally, the West

Virginia legislature found that additional protections were needed and passed the West Virginia

Consumer Credit and Protection Act which is a hybrid of the Uniform Credit Code and the

National Consumer Act to further protect West Virginians from consumer abuses.  This

consumer action concerns the disregard for the protections provided by the TCPA, the West

Virginia Consumer Credit and Protection Act by Defendant in its attempt to collect a debt from Plaintiffs.

### The Parties

1.     The Plaintiffs, Bradly and Tara Hanson, are residents of Kanawha County, West Virginia, and reside in the Southern District of West Virginia.

2.     The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and are entitled to the remedies set forth in Article 5 of the WVCCPA.

3.     The Defendant, Eagle Loan Company of Ohio, Inc., is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4.     The Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c) within the State of West Virginia, including Kanawha County, West Virginia.

### Jurisdiction

5.     This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1367.

### *Factual Allegations*

6.  After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendant, upon Plaintiffs' account with Eagle Loan Company of Ohio, Inc. ("Eagle Loan"), the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

7.  Upon information and belief, Defendant began calling Plaintiffs multiple times using "automatic telephone dialing systems" (ATDS) to their cellular telephones and was not regarding an emergency or about a debt owed to the United States, in violation of 47 U.S.C § 227(A).

8.  Further, Plaintiffs believe, upon information and belief, that the Defendant used an ATDS.

9.  Plaintiffs retained the undersigned counsel to represent Plaintiffs' interests in connection with consumer indebtedness on which Plaintiffs had become in arrears.

10. Both of the Plaintiffs asked the Defendant to stop calling their cellular telephones on January 22, 2020, thereby revoking any consent to call that the Defendant may have had.

11. The Plaintiffs used reasonable means in revoking the Defendant's consent to call their cellular phones, when they both verbally requested that the Defendant stop calling.

12. However, Defendant continued to cause telephone calls to be placed to the Plaintiffs.

13. Upon information and belief, the Defendant maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendant's employee, and notes or codes placed upon such record by the Defendant's employee.

14. Such records will reflect that the Defendant placed telephone calls to the Plaintiffs after

they revoked the Defendant's consent to place calls to those phones.

15. Defendant's multiple calls caused the telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiffs.

16. Upon information and belief, at no time did Plaintiffs provide prior express permission for anyone to call their cellular numbers using an ATDS.

17. On or about April 7, 2020, the Defendant sent a letter to Plaintiffs saying they were would be forced to proceed with further action if the Plaintiffs did not call them.

18. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with these unwanted calls and lost the ability to make calls during the time that the line was tied up by Defendant.

**COUNT I**
***Violations of the TCPA***

19. Plaintiffs incorporate the foregoing paragraphs herein.

20. At all times relevant hereto, Defendant used, controlled, or operated an ATDS as defined by § 227(a)(1) of the TCPA.

21. Defendant initiated calls to Plaintiffs' telephones using artificial and/or prerecorded voices to deliver messages without the express consent of Plaintiffs, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

22. The Plaintiffs revoked, by reasonable means, any authorization the Defendant had to call the Plaintiffs' phone numbers.

23. Upon information and belief, the Defendant placed the calls to the Plaintiffs willfully and knowingly; and the Defendant's actions in placing the calls to the Plaintiffs were not accidental.

24. Pursuant to 47 U.S.C § 227 (b)(3)(B), Plaintiffs should receive $500.00 in damages for

each such violation of the TCPA and $1,500 for each willful violation.

25. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation, distress and wasted a great deal of time in dealing with the barrage of phone calls.

## COUNT II
### *Violations of the West Virginia Consumer Credit and Protection Act*

26. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

27. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs after the Plaintiffs have requested the Defendant stop calling the Plaintiffs in violation of *West Virginia Code* § 46A-2-125;

    b. causing Plaintiffs' phones to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs after the Plaintiffs have requested in writing that the Defendant stop calling them in violation of *West Virginia Code* § 46A-2-125(d).

28. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT III
### *Violation of the West Virginia Computer Crimes and Abuse Act*

29. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

30. Plaintiffs are "persons" as defined by *West Virginia Code* § 61-3C-3(n) as each Plaintiff is a "natural person."

31. The Defendant, Eagle Loan, is a "person" as defined by West Virginia Code § 61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

32. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code § 61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* § 61-3C-14a(a)(2).

33. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

34. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* § 61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* § 61-3C-16(a)(2).

35. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT IV
### *Violation of Telephone Harassment Statute*

36. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

37. The Defendant made or caused to be made telephone calls to the Plaintiffs, causing Plaintiffs' telephone to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* § 61-8-16(a)(3).

38. The Plaintiffs were injured by Defendant's violation of *West Virginia Code* § 61-8-16(a)(3).  As Plaintiffs were injured by Defendant's violation of *West Virginia Code* §

61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

39. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

**Count V**
***Common Law Negligence***

40. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

41. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count II.

42. Defendant failed to properly train its employees and staff to avoid violations of state and federal debt collection laws.

43. The Defendant does not have appropriate policies and procedures in place for compliance with state and federal debt collection laws.

44. The Plaintiffs' damages are a proximate cause of the Defendants conduct as outlined in this complaint.

45. As a result of the Defendant's actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

**Count VI**
***Intentional Infliction of Emotional Distress***

46. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

47. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendant placed telephone calls to Plaintiffs after Defendant knew that Plaintiffs were represented by an attorney, in gross violation of the TCPA and the WVCCPA;

    b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law, and are designed to, or has the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    c. Insofar as Defendant's violations of the WVCCPA are deemed to be willful, pursuant to *West Virginia Code* § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

    d. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* § 61-8-16(a)(3) punishable by fine and/or imprisonment;

    e. Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(a)(4) punishable by fine and/or imprisonment;

    f. Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(b) punishable by fine and/or imprisonment.

48. As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

49. As a result of the Defendant's actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

### Count VII
### *Common Law Invasion of Privacy*

50. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

51. The Plaintiffs had, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs' home.

52. The acts of the Defendant in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiffs right of privacy.

53. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

54. As a result of the Defendant's action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* § 46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. An award of the statutory damages in the amount of $500.00 for each violation of the TCPA and $1,500 for each willful violation;

c. Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

d. Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

e. The Plaintiffs be awarded general damages for the Defendant's negligence as alleged;

f. The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged; and

g. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**BRADLY AND TARA HANSON**
BY COUNSEL


BY:   /s/ Benjamin M. Sheridan
      Benjamin M. Sheridan (#11296)
      *Counsel for Plaintiffs*
      Klein & Sheridan, LC
      3566 Teays Valley Road
      Hurricane, WV 25526
      (304) 562-7111
      Fax: (304) 562-7115